UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jamal Damon Hendrix,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>SpeedeeMart 76 Travel Center Inc, et al.,<br><br>　　　　　Defendant(s). | 2:25-cv-00740-CDS-MDC<br><br>ORDER DENYING IFP APPLICATION and DISMISSING COMPLAINT |

　　　Pending before the Court are plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, the Court DENIES the IFP application without prejudice and DISMISSES the Complaint without prejudice.

## DISCUSSION

I. IFP APPLICATION

　　A. Legal Standard

　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

　　　The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**B. Analysis**

The Court finds that it cannot make an accurate determination of whether plaintiff qualifies for IFP status at this time. The Court finds that plaintiff failed to completely answer the IFP application and that there are some inconsistencies in the application.

Plaintiff states that his gross pay/wages and take-home pay/wages are $0, but he makes or received income from "business, profession, or other self-employment." *ECF No. 1 at 1*. However, plaintiff failed to report the source of money, the amount received, and the amount he expects to receive in the future. *Id.* Because plaintiff failed to provide information on the additional source of income reported, the Court finds that plaintiff failed to fully answer question 3 of his application.

Plaintiff reports no money in his checking and/or savings account, assets, or regular monthly expenses. *Id. at 2*. However, plaintiff reports that he pays $100 a month for child support. *Id.* The Court is unable to determine how plaintiff can make these payments because plaintiff reports neither employment/wages nor information on his other source of income.

Plaintiff failed to fully answer the IFP application because there are some inconsistencies in the IFP application. Therefore, the Court denies the IFP application but does so without prejudice. Should plaintiff choose to refile his IFP application, he must file the **long-form** application. Plaintiff must not only fully answer each question, but he must also address deficiencies noted in this Order. Simply answering "N/A" or "Not applicable" is not enough. If there are any changes between plaintiff's IFP application, plaintiff must also explain those changes. For example, if plaintiff changes the answer to question 3(a) from "yes" to "no," he must explain those changes. Failure to comply with the Court's Order may result in a denial of the application.

## II. COMPLAINT

### A. Legal Standard

When a plaintiff seeks to proceed IFP, the court must screen the complaint or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e)

incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

**B. Analysis**

Plaintiff asserts a claim for wrongful termination against SpeedeeMart 76 Travel Center Inc. and store manager Charlene Murphy. *See ECF No. 1* (alleging no income due to wrongful termination); *ECF No. 1-1* (naming defendants). He brings his claim under 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. *See ECF No. 1-1 at 1*. Plaintiff has failed to state a plausible claim for relief.

**a. Color of State Law**

The elements of a § 1983 action "have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by the conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or more simply put, plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.3d 1104, 1114 (9th Cir. 2015). Generally, private parties are not acting under the color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). However, "private parties may act under

color of state law when they perform actions under which the state owes constitutional obligations to those affected." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020). In order to bring a § 1983 claim against a private actor, plaintiff must explain how and why the actions of the employees were "under color of law," which means the employees acted with the appearance of government authority.

Plaintiff does not allege that SpeedeeMart 76 Travel Center Inc. and Charlene Murphy are state actors, nor is there any indication of such. Therefore, presumably, neither acts under color of law unless plaintiff can show otherwise. *See Price v. Hawaii*, 939 F.2d at 707-08. Plaintiff alleges that during his employment, he was "told by [Charlene Murphy] to clean with very high concentrated sanitation solution…with rubber gloves." *ECF No. 1-1 at 3*. Plaintiff allegedly noticed allergic reactions after two weeks of using the chemicals and when he told his store manager of his blistering rashes, he was ordered to continue to work with the cleaning solutions. *Id.* Plaintiff notified his co-workers of the blisters and stated that he would "notify OSHA." *Id.* His co-workers told Charlene Murphy of plaintiff's plans. *Id.* Thereafter, Charlene Murphy "called plaintiff to her office" and asked plaintiff about his OSHA statement, which plaintiff confirmed. *Id. at 3-4*. Charlene Murphy then terminated his employment using the "Rule of the Company." *Id. at 4*. Based on the allegations, the Court finds that plaintiff does not allege facts that show that any of the defendants acted under color of state law, or an act of "governmental compulsion or coercion." *See Rawson v. Recovery Innovations*, 975 F.3d 742, 748 (9th Cir. 2020). In other words, plaintiff does not show that the state acted through SpeedeeMart 76 Travel Center Inc. and/or Charlene Murphy to violate his Constitutional rights.

### b. Rule 8 Notice Pleading

Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Although plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights, plaintiff's claims, as stated in his IFP application appears to allege a claim for "wrongful termination." Whether

plaintiff alleges "wrongful termination" under state law or federal law is unclear from the face of the Complaint.

A properly pled complaint must provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This "notice pleading" standard requires plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little…. The Rule is also violated, though, when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citations omitted); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner.").

Because it is unclear whether plaintiff intends to allege constitutional violations under 42 U.S.C. § 1983 or seeks to pursue a claim for wrongful termination, the Court finds dismissal is warranted. Should plaintiff seek to pursue a § 1983 claim, then he must amend his Complaint to show that defendants acted under the color of state law. However, if plaintiff seeks to allege a wrongful

termination claim against defendants, may amend his Complaint to allege a cause of action under federal law. Otherwise, plaintiff should file his wrongful termination claim in state court.

### III. CONCLUSION

Plaintiff's IFP application is incomplete and contains inconsistencies. Plaintiff failed to answer the second part of question 3. Furthermore, it is unclear from the IFP application how plaintiff maintains his child support payment when he reports no wages and provides no information about his additional income. Therefore, the Court denies the IFP application, but does so without prejudice and with leave to refile.

Plaintiff has also failed to state a plausible claim for relief. Plaintiff failed to show that defendants acted under color of state law, a necessary component of a § 1983 claim. Furthermore, plaintiff's Complaint reads more as a wrongful termination claim. However, it is unclear whether plaintiff seeks to allege such a claim under federal or state law, if at all. Therefore, the Court dismisses the Complaint, but does so without prejudice and with leave to amend.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED without prejudice.

2. If plaintiff chooses to refile his IFP application, he must file the **long-form** application by no later than **June 26, 2025.**

3. The Complaint (ECF No. 1-1) is DISMISSED without prejudice and with leave to refile.

4. If Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint as outlined in this order, he must file the amended complaint by no later than **June 26, 2025**.

5. The Clerk of the Court is kindly directed to send to Plaintiff the approved forms for filing a § 1983 complaint and a civil complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1), and this Order.

6. If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" in the caption.

7. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 27th day of May 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.