UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jamal Damon Hendrix,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SpeedeeMart 76 Travel Center Inc., et al.,<br><br>　　　　　Defendants. | 2:25-cv-00740-CDS-MDC<br><br>**REPORT AND RECOMMENDATION** |

I previously denied plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 1) and dismissed his Complaint (ECF No. 1-1) without prejudice. I ordered plaintiff to file a long-form IFP application and an amended complaint by June 26, 2025. *See ECF No. 4*. Plaintiff failed to comply. Plaintiff currently has no viable complaint on the docket. For the reasons stated below, I RECOMMEND dismissing the case for failing to comply with the Court's Order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1    In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, I must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

I find that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court's warning to a party that the failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson,* 779 F.2d at 1424. I warned plaintiff that failure to timely comply with the Order may result in a recommendation that his case be dismissed. Plaintiff has failed to comply. This court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders. The only alternative is to enter another order setting another deadline. But issuing another order will only delay the inevitable and further squander the court's finite resources. Furthermore, because plaintiff failed to file an amended complaint, he has no viable claims remaining. *See ECF No. 4* (dismissing plaintiff's complaint in its entirety but with leave to refile). There is no prejudice to the plaintiff because he can object to my report and recommendation.

//

//

//

ACCORDINGLY,

**IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice based on plaintiff's failure comply with the Court's order to file a long-form IFP application and Amended Complaint.

Dated this 15th day of July 2025

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.